UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GONZALEZ CAMACHO, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>MAJOR LEAGUE BASEBALL, *et al.*,<br><br>        Defendants. | Case No. 12-cv-2859-L(BGS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On November 30, 2012, Plaintiffs David Gonzalez Camacho and Daniel Arrellano Pesqueira commenced this tort action against Defendants Major League Baseball, Major League Baseball Enterprises, Inc., Major League Baseball Properties, Inc., Office of the Commissioner of Baseball, National Association of Professional Baseball Leagues, National Association of Professional Baseball Leagues, Inc., and Minor League Baseball.  Plaintiff filed this action based upon federal diversity jurisdiction.  (Compl. ¶ 2.)

For the following reasons, the Court finds that Plaintiffs' complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the plaintiff must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of

citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010).  "In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Id.* (quoting 28 U.S.C. § 1332(c)(1)). "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation." *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision) (emphasis added).

In its complaint, Plaintiffs identify three defendants as corporations: Major League Baseball Enterprises, Inc., Major League Baseball Properties, Inc., and National Association of Professional Baseball Leagues, Inc.  Plaintiffs allege that each of these corporate defendants "does business in the State of California, and the County of San Diego," but fail to allege the state in which these defendants have been incorporated and where they have their respective principal places of business.  (Compl. ¶¶ 6–7, 10.)  Furthermore, excluding Major League Baseball, Plaintiffs fail to allege the citizenship of the remaining non-corporate defendants.  (*Id.* ¶¶ 5, 8–9, 11.)  Simply put, the complaint is missing allegations of a parties' citizenship that are essential to establish diversity jurisdiction.  *See* 28 U.S.C. § 1332.  This failure casts doubt as to whether this Court properly has subject-matter jurisdiction over this case because the Court cannot conclude that there is complete diversity between the parties.  *See Tosco*, 236 F.3d at 499.

Alternatively, Plaintiffs may have meant the "does business in" language to indicate the corporate defendants' principal places of business.  Under that interpretation, and given that each of the three corporate defendants "does business in" California, that would make those defendants citizens of California.  *See Aldridge*, 56 F.3d at 73.  However, it is unclear exactly where Mr. Gonzalez's state citizenship belongs.[1]  For the purposes of federal diversity

---

[1] Plaintiffs refer to David Gonzalez Camacho as David Gonzalez or Plaintiff Gonzalez in the complaint.  (Compl. ¶¶ 1, 4.)  Consequently, the Court will refer to David Gonzalez Camacho as Mr. Gonzalez.  Also, Mr. Pequeira's unequivocally is not a citizen of any state in the United States.  (*Id.* ¶ 4.)  He is a citizen of Mexico who resides and does business there.

jurisdiction, "state citizenship is . . . determined by . . . state of domicile," and that "[a] person's domicile is her permanent home, where she [or he] resides with the intention to remain or to which she [or he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to the complaint, Mr. Gonzalez "is an individual who is a citizen of Mexico and who is *domiciled* and does business in the City of Tijuana, State of Baja California, in the country of Mexico, and who does business and *resides* in the County of San Diego, California, USA." (Compl. ¶ 4 (emphasis added).) That allegation may be interpreted to mean that Mr. Gonzalez is a citizen of California. These interpretations of the parties' citizenship may lead to a failure to satisfy the complete-diversity-of-citizenship requirement under 28 U.S.C. § 1332.

### III.  CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-matter jurisdiction. *See Tosco*, 236 F.3d at 499. If Plaintiff can correct these deficiencies in the complaint, including but not limited to clarifying the citizenship status of Plaintiffs and Defendants, they may file an amended complaint by **December 21, 2012**. *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: December 3, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL